**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| BBS AUTOMATION STUTTGART GMBH, | ) |
| Plaintiff, | ) C.A. No. _____ <br> ) <br> ) |
| v. | ) **DEMAND FOR JURY TRIAL** |
| SEG SOLAR, INC. and NINGXIA XN AUTOMATION EQUIPMENT CO., LTD. | ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff BBS Automation Stuttgart GmbH ("Plaintiff BBS"), formerly known as teamtechnik Maschinen und Anlagen GmbH, for its Complaint against Defendants SEG Solar, Inc. ("SEG Solar") and Ningxia XN Automation Equipment Co., Ltd. ("XN") (collectively, "Defendants") hereby alleges as follows:

**OVERVIEW OF THE ACTION**

1. This is a patent infringement action brought under 35 U.S.C. §§ 1 *et seq.*, arising from Defendants' infringement of United States Patent Nos. 8,247,681 and 8,253,009 (collectively the "Asserted Patents") by the importation, sale, and use of photovoltaic cell soldering stringer machines (the "Accused Products"). The Accused Products infringe the Asserted Patents, and BBS brings this action to stop Defendants' infringement of BBS's innovative, patented technology and to recover damages caused by Defendants' infringement.

**PARTIES**

2. Plaintiff BBS is a company organized and existing under the laws of Germany, with a principal place of business located at Planckstrasse 40, 71691 Freiberg (Neckar), Germany.

3. On information and belief, Defendant SEG Solar is a corporation existing under the laws of the State of Texas with a principal place of business at 10625 Telge Road, Houston, Texas 77095.

4. On information and belief, Defendant XN is a Chinese corporation with a principal place of business at No. 6, Baohu Road, Tongda South Street, Jinfeng District, Yinchuan City, Ningxia Province 750011, China.

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the United States patent laws, 35 U.S.C. §§ 1, *et seq*.

6. This Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271, *et seq*.

7. This Court has personal jurisdiction over SEG Solar because SEG Solar is a Texas corporation and regularly conducts business in the State of Texas and in this District.

8. This Court has personal jurisdiction over XN, as XN has purposefully directed its activities toward the United States and towards this District by selling and importing Accused Products into the United States and this District, with knowledge that the Accused Products would be used in the United States and this District.

9. Venue properly lies in this District pursuant to 28 U.S.C. § 1400(b), because SEG Solar is a Texas corporation, has its principal place of business in this District, and has committed acts of infringement within this District. Venue is also proper in this District as to XN pursuant to 28 U.S.C. § 1391(c)(3) and § 1400(b), as XN is a foreign corporation and may be sued in any judicial district. Further, on information and belief, XN committed acts of

infringement in this District by importing, offering to sell, and selling infringing equipment, including the NS02-5000T stringer, at least to SEG Solar for use at SEG Solar's facility in this District.

10. Joinder of SEG Solar and XN as Defendants in this action is proper under Federal Rule of Civil Procedure 20(a)(2), because the claims against them arise out of the same series of transactions or occurrences, namely, the importation, sale, and use of the Accused Products.

## GENERAL BACKGROUND OF THE INVENTION

11. On August 21, 2012, U.S. Patent No. 8,247,681 ("the '681 Patent"), titled "Solar Cell Connecting Apparatus," was issued to Hubert Reinisch.

12. A true and correct copy of the '681 Patent is attached to this Complaint as **Exhibit 1** and is incorporated by reference herein.

13. The '681 Patent is generally directed to a solar cell connecting apparatus for manufacturing solar cell strings. Independent Claim 1 of the '681 Patent recites:

> A solar cell connecting apparatus for manufacturing solar cell strings of individual solar cells and electrically conductive strips, comprising:
>
> a first module for joining solar cells and strips together;
>
> a second module, which is connected to the first module, for connection of the strips to the solar cells;
>
> a third module for transportation of the solar cells from the first module through the second module, wherein the first module includes a retaining apparatus having a strip retaining means for fixing the strips on the solar cell during transportation, and the third module includes a first transport device for transporting the retaining apparatus together with the solar cell and the strips fixed to it.

14. The '681 Patent is assigned to BBS and has been at all relevant times. BBS is the owner of the '681 Patent with the right to enforce the '681 Patent.

15. On August 28, 2012, U.S. Patent No. 8,253,009 ("the '009 Patent"), titled "Strip Retaining Apparatus for Solar Cell Connecting Apparatus," was issued to Hubert Reinisch.

16. A true and correct copy of the '009 Patent is attached to this Complaint as **Exhibit 2** and is incorporated by reference herein.

17. The '009 Patent is generally directed to a strip retaining apparatus for use with a solar cell connecting apparatus. Independent Claim 1 of the '009 Patent recites:

> A strip retaining apparatus for use in a solar cell connection apparatus adapted to electrically connect together a multiplicity of individual solar cells using electrically conductive connector strips, the strip retaining apparatus comprising:
>
> a frame having frame elements defining a window in the central area, at least two of the frame elements having contact surfaces on an edge area thereof;
>
> a multiplicity of retaining heads arranged in at least two rows at opposite sides of the window, each of said retaining heads having a retaining needle, the retaining heads being pivotally supported on the frame to enable the retaining needles to move on to a strip.

18. The '009 Patent is assigned to BBS and has been at all relevant times. BBS is the owner of the '009 Patent with the right to enforce the '009 Patent.

## THE INFRINGING PRODUCTS

19. On information and belief, Defendants have infringed, and continue to infringe, the Asserted Patents, either literally or under the doctrine of equivalents, by selling, importing into, and using the Accused Products in the United States, without license or permission from BBS.

20. On information and belief, SEG Solar has used, and continues to use, photovoltaic cell soldering equipment that infringes the Asserted Patents, including but not limited to products

manufactured by XN. To the extent SEG Solar uses any infringing equipment not sourced from XN, such equipment also constitutes Accused Products.

21. On information and belief, XN is the original equipment manufacturer of certain Accused Products, including the XN NS02-5000T Photovoltaic Cell Soldering Stringer.

22. Below is an image of certain Accused Products, including the XN NS02-5000T Photovoltaic Cell Soldering Stringers, in use at SEG Solar's Houston, Texas facility. This image is a screen capture from a video published by SEG Solar on its YouTube channel.



(https://www.youtube.com/watch?v=bkWyd6DvFqw&t=89s).

23. On information and belief, XN sold and imported the Accused Products, including the NS02-5000T Photovoltaic Cell Soldering Stringer, into the United States for delivery to SEG Solar. XN knew or should have known that the products were destined for use at SEG Solar's facility in Houston, Texas, where they would be used in a manner that infringes the Asserted Patents.

24. On information and belief, XN has imported into and/or sold within the United

States additional photovoltaic cell soldering equipment that infringes the Asserted Patents. This additional infringing equipment also constitutes Accused Products.

25. BBS placed SEG Solar on notice of the Asserted Patents at least as early as October 2024, and on that date informed SEG Solar that its importation and use of the Asserted Products infringed the Asserted Patents.

## COUNT I – INFRINGEMENT OF THE '681 PATENT

26. BBS incorporates paragraphs 1 through 25 above by reference, as though fully set forth herein.

27. All claims of the '681 Patent are presumed valid.

28. BBS is the owner of the '681 Patent, which was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on August 21, 2012.

29. SEG Solar has infringed and continues to infringe at least one claim of the '681 Patent pursuant to 35 U.S.C. § 271(a), including but not limited to Claim 1, literally or under the doctrine of equivalents, by importing and using the Accused Products within the United States and without authority.

30. XN has infringed and continues to infringe at least one claim of the '681 Patent pursuant to 35 U.S.C. § 271(a), including but not limited to Claim 1, literally or under the doctrine of equivalents, by importing and selling the Accused Products within the United States and without authority.

31. Attached hereto as **Exhibit 3** is a preliminary and exemplary claim chart showing infringement of the '681 Patent. The claim chart is not intended to limit BBS's right to modify the chart or allege that other activities of Defendants infringe the identified claim or any other claims of the '681 Patent or any other patents. Exhibit 3 is incorporated herein in its entirety.

32. On October 10, 2024, BBS, through its counsel, sent SEG Solar a letter explaining that its importation and use of the Photovoltaic Cell Soldering Stringers infringe the '681 Patent.

33. At least as of SEG Solar's receipt of that October 10, 2024 letter, SEG Solar has been using the Accused Products with the knowledge that SEG Solar's importation and use directly infringes at least one claim of the '681 Patent.

34. Defendants' infringement has damaged and will continue to damage BBS, which is entitled to recover compensatory damages resulting from Defendants' wrongful acts in an amount to be determined at trial, including but not limited to lost profits from lost sales, and/or price erosion, and in any event no less than a reasonable royalty.

35. Defendants' infringement has caused, and will continue to cause, irreparable injury to BBS, for which damages are an inadequate remedy, unless Defendants are enjoined from any and all activities that would infringe the claims of the '681 Patent.

36. Upon information and belief, at least as early as October 10, 2024, when BBS's counsel sent a cease and desist letter to SEG Solar, SEG Solar has known of the '681 Patent, and willfully and in disregard for the '681 Patent engaged in the infringing conduct with the intent to infringe the '681 Patent, and without any reasonable basis for believing that it had a right to engage in the infringing conduct.

37. On information and belief, such infringement of the '681 Patent by SEG Solar will continue unless enjoined by this Court.

38. This case is exceptional and, therefore, BBS is entitled to an award of increased damages under 35 U.S.C. § 284, and attorney's fees and costs incurred under 35 U.S.C. § 285.

## COUNT II – INFRINGEMENT OF THE '009 PATENT

39. BBS incorporates paragraphs 1 through 36 above by reference, as though fully set forth herein.

40. All claims of the '009 Patent are presumed valid.

41. BBS is the owner of the '009 Patent, which was duly and legally issued by the USPTO on August 28, 2012.

42. SEG Solar has infringed and continues to infringe at least one claim of the '009 Patent pursuant to 35 U.S.C. § 271(a), including but not limited to Claim 1, literally or under the doctrine of equivalents, by importing and using the Accused Products within the United States and without authority.

43. XN has infringed and continues to infringe at least one claim of the '009 Patent pursuant to 35 U.S.C. § 271(a), including but not limited to Claim 1, literally or under the doctrine of equivalents, by importing and selling the Accused Products within the United States and without authority.

44. Attached hereto as **Exhibit 4** is a preliminary and exemplary claim chart showing SEG Solar's infringement of the '009 Patent. The claim chart is not intended to limit BBS's right to modify the chart or allege that other activities of Defendants infringe the identified claim or any other claims of the '009 Patent or any other patents. Exhibit 4 is incorporated herein in its entirety.

45. On October 10, 2024, BBS, through its counsel, sent SEG Solar a letter explaining that its importation and use of the Photovoltaic Cell Soldering Stringers infringe the '681 Patent.

46. At least as of SEG Solar's receipt of that October 10, 2024 letter, SEG Solar has been using the Accused Products with the knowledge that SEG Solar's importation and use directly infringes at least one claim of the '009 Patent.

47. Defendants' infringement has damaged and will continue to damage BBS, which is entitled to recover compensatory damages resulting from Defendants' wrongful acts in an amount to be determined at trial, including but not limited to lost profits from lost sales, and/or price erosion, and in any event no less than a reasonable royalty.

48. Defendants' infringement has caused, and will continue to cause, irreparable injury to BBS, for which damages are an inadequate remedy, unless SEG Solar is enjoined from any and all activities that would infringe the claims of the '009 Patent.

49. Upon information and belief, at least as early as October 10, 2024, when BBS's counsel sent a cease and desist letter to SEG Solar, SEG Solar has known of the '009 Patent, and willfully and in disregard for the '009 Patent engaged in the infringing conduct with the intent to infringe the '009 Patent, and without any reasonable basis for believing that it had a right to engage in the infringing conduct.

50. On information and belief, such infringement of the '009 Patent by SEG Solar will continue unless enjoined by this Court.

51. This case is exceptional and, therefore, Plaintiff BBS is entitled to an award of increased damages under 35 U.S.C. § 284, and attorney's fees and costs incurred under 35 U.S.C. § 285.

**PRAYER FOR JUDGMENT AND RELIEF**

WHEREFORE, Plaintiff BBS respectfully requests judgment and relief as follows:

(a) Pursuant to 35 U.S.C. § 271, a determination that Defendants infringed the Asserted Patents;

(b) Pursuant to 35 U.S.C. § 283, an order that Defendants and those in privity with Defendants be preliminarily and permanently enjoined from infringing and/or inducing or contributing to the infringement of the Asserted Patents;

(c) Pursuant to 35 U.S.C. § 284, an award of damages against Defendants adequate to compensate Plaintiff BBS for infringement of the Asserted Patents including enhanced damages for willfulness, but in no event less than a reasonable royalty, together with prejudgment interest, costs and disbursements as fixed by the Court;

(d) Pursuant to 35 U.S.C. § 285, a determination that this is an exceptional case and an assessment of reasonable attorneys' fees against Defendants;

(e) An award of pre- and post-judgment interest as permitted; and

(f) Such other and further relief as the Court deems equitable and just.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable by right pursuant to Federal Rule of Civil Procedure 38.

DATED: June 4, 2025                              Respectfully submitted,

**Pillsbury Winthrop Shaw Pittman LLP**

By: _/s/ William D. Wood_
William D. Wood
Texas Bar No. 21916500
609 Main Street, Suite 2000
Houston, TX 77002
Telephone: 713.276.7600
william.wood@pillsburylaw.com

Christopher Kao (*pro hac vice* pending)
California Bar No. 237716
John Steger (*pro hac vice* pending)
California Bar No. 341299
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998
Telephone: 415.983.1000
christopher.kao@pillsburylaw.com
john.steger@pillsburylaw.com

*Attorneys for Plaintiff*
*BBS Automation Stuttgart GmbH*